UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHERINE SUMNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 02-CV-0605-CVE-FHM |
| ) | |
| CONTINENTAL CASUALTY COMPANY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion for Partial Summary Judgment (Dkt. # 7). Plaintiff alleges that defendant violated her rights under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101 et seq. ("ERISA"), and the duty of good faith and fair dealing. Dkt. # 1. Oklahoma's bad faith law imposes on insurers "an implied duty to deal fairly and act in good faith with its insured." Christian v. American Home Assurance Co., 577 P.2d 899, 904 (Okla. 1977). Defendant argues that plaintiff's bad faith claim is preempted by ERISA and asks the Court to grant partial summary judgment against plaintiff.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted).

In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

ERISA explicitly preempts state laws that "relate to any employee benefit plan." 29 U.S.C. § 1144(a). ERISA preemption has an "expansive sweep" and must be given its "broad common sense meaning." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47 (1987). A state law is preempted if it allows plan participants to obtain remedies which Congress rejected in enacting ERISA. See Conover v. AETNA US Healthcare, Inc., 320 F.3d 1076, 1079 (10th Cir. 2003) ("if a state law 'add[s] to the judicial remedies' available under the Act, the law is preempted") (citation omitted). However, ERISA saves from preemption "any law of any State which regulates insurance." 29 U.S.C. § 1144(b)(2)(A).

To qualify as a state law which "regulates insurance" under the ERISA savings-clause, a law must satisfy two requirements: it "must be specifically directed toward entities engaged in insurance"; and it "must substantially affect the risk pooling arrangement between the insurer and the insured." Kentucky Assoc. of Health Plans, Inc. v. Miller, 538 U.S. 329, 341-42 (2003). The Oklahoma bad faith law fails to satisfy the Miller prongs and, therefore, falls outside of the ERISA savings provision. Allison v. UNUM Life Ins. Co. of America, 381 F.3d 1015, 1025 (10th Cir. 2004); Hollaway v. UNUM Life Ins. Co. of America, 89 P.3d 1022, 1025 (Okla. 2003) ("Because Oklahoma's cause of action for bad faith breach of an insurance contract does not substantially affect the risk-pooling arrangement between insurers and the insureds, it does not meet the test established in Miller as a law which regulates insurance" under ERISA) (citation omitted). Further, because Oklahoma's bad faith law provides plaintiff with remedies outside of and contrary to those enacted by Congress in ERISA, plaintiff's bad faith claim is preempted. Allison, 381 F.3d at 1025;

see Christian, 577 P.2d at 904 (A "violation of this duty [of good faith] gives rise to an action in tort for which consequential and, in a proper case, punitive, damages may be sought."). Accordingly, there is no genuine issue of material fact related to plaintiff's bad faith claim and partial summary judgment is appropriate.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Partial Summary Judgment (Dkt. # 7) is **granted**.

**DATED** this 10th day of March, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT